1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7

8

9

10

11

TRINNIA L. RAMSEY,

                        Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                        Defendant.

Case No. 3:13-cv-05917-KLS

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

12

13

14

        Plaintiff has brought this matter for judicial review of defendant's denial of her

applications for child disability insurance and supplemental security income ("SSI") benefits.

15

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the

16

parties have consented to have this matter heard by the undersigned Magistrate Judge.  After

17

reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons

18

set forth below, defendant's decision to deny benefits should be reversed, and that this matter

19

should be remanded for further proceedings.

20

FACTUAL AND PROCEDURAL HISTORY

21

22

        On November 4, 2010, plaintiff filed concurrent applications for child disability

insurance benefits and SSI, alleging disability as of January 12, 1991, due to depression, bipolar

23

24

affective disorder, anxiety, and attention deficit disorder ("ADHD").  See Administrative Record

25

("AR") 194-209, 238.  Plaintiff's applications were denied upon initial administrative review and

26

on reconsideration. See AR 128-34, 140-45.  A hearing was held before an administrative law

ORDER - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

judge ("ALJ") on April 25, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 43-76.  Following this hearing, plaintiff amended her alleged disability onset date to November 8, 2008, thereby waiving her claim for child disability benefits.  See AR 16, 300; Dkt. No. 19, p. 1.

On July 26, 2012, the ALJ issued a decision in which plaintiff was determined to be not disabled. See AR 13-37.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on September 11, 2013, making the ALJ's decision defendant's final decision. See AR 1-4; see also 20 C.F.R. §§ 404.981, 416.1481. On October 16, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See Dkt. No. 1.  The administrative record was filed with the Court on January 22, 2013. See Dkt. No. 13.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for further proceedings and development of the vocational record, because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in discounting plaintiff's credibility; (3) in rejecting the lay witness evidence in the record; (4) in assessing plaintiff's residual functional capacity; (5) in finding her to be capable of returning to her past relevant work; and (6) in finding her to be capable of performing other jobs existing in significant numbers in the national economy.  Plaintiff does not challenge the ALJ's dismissal of her claim for child disability benefits.   The Court agrees the ALJ erred in determining plaintiff to be not disabled, but, for the reasons set forth below, finds that while defendant's decision should be reversed, this matter should be remanded for further administrative proceedings.

ORDER - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a

claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been

applied by the Commissioner, and the "substantial evidence in the record as a whole supports"

that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v.

Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp.

522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless,

be set aside if the proper legal standards were not applied in weighing the evidence and making

the decision.") (citing Brawner v. Sec'y of Health and Human Serv., 839 F.2d 432, 433 (9th Cir.

1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation

omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if

supported by inferences reasonably drawn from the record.").  "The substantial evidence test

requires that the reviewing court determine" whether the Commissioner's decision is "supported

by more than a scintilla of evidence, although less than a preponderance of the evidence is

required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).  "If the evidence

admits of more than one rational interpretation," the Commissioner's decision must be upheld.

Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence

sufficient to support either outcome, we must affirm the decision actually made.") (quoting

Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that
> which the [Commissioner] reached.  If the [Commissioner]'s findings are supported by

ORDER - 3

1    I.      The ALJ's Evaluation of the Medical Evidence in the Record

2        Plaintiff argues the ALJ erred in his assessment of the medical opinion of examining

3    psychologist Brett Trowbridge, PhD.  Dkt. No. 19, pp. 11-17.  Specifically, plaintiff argues the

4    ALJ erred by failing to address or reject the opinion of Dr. Trowbridge that plaintiff would have

5    marked limitations in the ability to maintain appropriate behavior in a work setting due to

6    plaintiff's mood swings, depression, and anxiety.  See AR 304.   Dr. Trowbridge defined

7    "marked" as a "very significant interference" in the ability to perform basic work activities.  AR

8    304.

9        The ALJ gave great weight to the specific functional limitations opined by Dr.

10   Trowbridge because they were consistent with the record as a whole, including plaintiff's

11   performance on mental status examinations.  See AR 27.  The ALJ gave no reason to reject Dr.

12   Trowbridge's opinion that plaintiff's mood swings, depression, and anxiety would cause a very

13   significant interference with plaintiff's ability to maintain appropriate behavior in a work setting.

14   See AR 27.  This limitation is significant because the basic mental demands of unskilled

15   competitive work require the ability on a sustained basis to "respond appropriately to … usual

16   work situations."  Social Security Ruling ("SSR") 85-15, 1985 WL 56857*4.  A substantial loss

17   of the ability to perform this basic work-related activity would justify a finding of disabled under

18   the Act.  Id.

19       Defendant argues the ALJ did not err in his assessment of Dr. Trowbridge's opinion

20   because the residual functional capacity ("RFC") assessment, which limited plaintiff to "low

---

substantial evidence, the courts are required to accept them.  It is the function of the
[Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may
not try the case de novo, neither may it abdicate its traditional function of review.  It must
scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are
rational.  If they are . . . they must be upheld.

Sorenson, 514 F.2dat 1119 n.10.

ORDER - 4

stress [work] … not requiring more than rudimentary judgment, … superficial interaction with

coworkers,… public interaction, and … intensive supervision", reasonably accommodated Dr.

Trowbridge's opinion regarding plaintiff's marked limitation in maintaining appropriate

behavior.  AR 22.  This Court disagrees.

The Commissioner "may not reject 'significant probative evidence' without explanation."

Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting Vincent v. Heckler, 739 F.2d

1393, 1395 (9th Cir. 1984) (quoting Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981))). An

ALJ must explain why his own interpretations, rather than those of the doctors, are correct.

Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citing Embrey v. Bowen, 849 F.2d 418,

421-22 (9th Cir. 1988)). The "ALJ's written decision must state reasons for disregarding [such]

evidence." Flores, 49 F.3d at 571.

Defendant's argument that the ALJ's RFC assessment accommodates all of the marked

limitations opined by Dr. Trowbridge, including a marked limitation in the ability to maintain

appropriate behavior, is inconsistent with the ALJ's specific rejection of Dr. Wingate's 2009

opinion to the same affect.  See AR 27 (giving little weight to Dr. Wingate's opinion regarding

marked limitations maintaining appropriate behavior because "such limited functioning has not

been assessed by more recent psychological examinations")(citing AR 355-56, 367-68, 620).

The fact that the ALJ specifically addressed and rejected this limitation when it was opined by

Dr. Wingate suggests that the ALJ considered this limitation inconsistent with the RFC finding.

In addition, the reasoning the ALJ applied to reject Dr. Wingate's opinion that plaintiff would

have marked limitations in the ability to maintain appropriate behavior, does not apply with

equal force to Dr. Trowbridge's opinion.

ORDER - 5

1    The ALJ rejected Dr. Wingate's 2009 opinion that plaintiff would have marked

2  limitations in the ability to maintain appropriate behavior in a work setting because Dr.

3  Wingate's more recent psychological examinations did not include this limitation.  See AR 27

4  (citing AR 355, 620).  Although it is true that Dr. Wingate's 2010 and 2011 examinations

5  assessed only moderate limitations in the ability to maintain appropriate behavior in a work

6  setting (see AR 355, 610), Dr. Wingate's January 2012 examination included arguably more

7  restrictive limitations in social functioning (see AR 620).   In January 2012, Dr. Wingate opined:

8

9  > [plaintiff's e]pisodic depressive periods greatly impacts her ability to sustain a
   > regular work schedule.  She has poor stress tolerance and when under pressure she
10 > shuts down and fails to complete even routine tasks.  She is quick to be angry and
   > argumentative and has almost been kicked out [of her group housing] due to her
11 > anger.  She will rebel if told to do a task and she has a lot of conflicts with peers.
   > She would not get along well with supervisors or coworkers and should not work
12 > with the public. AR 620.

13

14    Assuming without deciding that the rationale offered by the ALJ is sufficient to reject the

15 2009 opinion of Dr. Wingate, the mere fact that Dr. Trowbridge's opinion is contradicted by the

16 opinions of another examining psychologist is not sufficient to reject Dr. Trowbridge's opinion.

17 When a treating or examining psychologist's opinion is contradicted, that opinion "can only be

18 rejected for specific and legitimate reasons that are supported by substantial evidence in the

19 record." Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996).  Here, the ALJ offered no reason

20 to reject Dr. Trowbridge's opinion.  Because the ALJ rejected significant probative evidence

21 without explanation, this Court finds the ALJ's decision is not based on substantial evidence

22 should be reversed.  See Flores, 49 F.3d at, 570-71.  On remand, the ALJ should reassess the

23 medical opinion of Dr. Trowbridge, and, if necessary, obtain additional vocational expert

24 testimony.

25

26

ORDER - 6

II.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award

benefits." Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).  Generally, when the Court

reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the

agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th

Cir. 2004) (citations omitted).  Thus, it is "the unusual case in which it is clear from the record

that the claimant is unable to perform gainful employment in the national economy," that

"remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further

administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan

v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded

where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Here, remand for further development of the record is necessary for the Commissioner to

reassess the medical opinion evidence of Dr. Trowbridge, and, if necessary, obtain additional

vocational expert testimony.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded

plaintiff was not disabled.  Accordingly, defendant's decision is REVERSED and this matter is

ORDER - 7

1    REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative

2    proceedings in accordance with the findings contained herein.

3         DATED this 12th day of August, 2014.

4

5

6

7                                              Karen L. Strombom
                                               United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 8